JUSTICE TRIEWEILER
dissenting.
¶54 I dissent from the majority Opinion.
*344 ¶55 I conclude, based on the undisputed facts, that Elizabeth had knowledge of the causal connection between chemical and vaccine exposure and her injuries and illness more than three years prior to the date on which her complaint was filed and that her complaint was, therefore, barred by the applicable three year statute of limitation found at § 27-2-204(1), MCA.
¶56 On May 9,1995, in a document filed on Elizabeth’s behalf in the District Court for the Sixteenth Judicial District in Custer County, her attorney represented as follows:
1. At the time and entry of the decree, the Respondent suffered from certain damages which were undisclosed or unknown to her or to her physicians. She had undergone an extensive amount of testing, evaluation and examination, but no determination of the cause of her problems existed.
2. After entering into the Separation Agreement, the doctors now believe that the cause of her problem may very well stem from certain poisons used on the ranch, which were used under the direction and supervision of her husband, Robert Nelson.
3. The injuries suffered as a result of improper use of these chemicals as directed by Robert Nelson, constitute a life threatening and life long problem. That the terms of the Property Settlement Agreement did not take into consideration this life long threatening medical problem suffered by the Respondent which makes her unable to work. [Emphasis added.]
4.... Therefore, counsel requests that the Court not enter any decrees of dissolution and set aside the Property Settlement Agreement in light of this new evidence.
¶57 In Kaeding v. W. R. Grace & Co.-Conn., 1998 MT 160, ¶ 26, 289 Mont. 343, ¶ 26, 961 P.2d 1256, ¶ 26, we held that “knowledge of facts by an attorney is knowledge by the client, regardless of whether the attorney actually communicated the information to the client.”
¶58 If Elizabeth’s attorney had sufficient knowledge on May 9, 1995, to allege in documents filed with a District Court that Elizabeth suffered injuries as a result of improper use of chemicals by Robert and that her injuries were life threatening and life long, he had enough information to file a complaint in District Court making the same allegation. That degree of knowledge is all that was necessary in order for the statute of limitation to begin running. Absolute certainty is not required. Absolute certainty will never be established. When this case goes to trial, there will still be differences of opinion about the cause of Elizabeth’s illness and injuries. However, Elizabeth presumably had a factual basis for the assertions she made on May 9, 1995. Rule 11, *345 M.R.Civ.P., requires that we make that assumption.
¶59 The majority analogizes this case to Hando by stating that both claimants had a mere “belief or suspicion” of a causal connection prior to receipt of actual medical documentation and that the “belief or suspicion” was not sufficient to commence the period of time covered by the statute of limitations. As a matter of law, I would conclude that if Elizabeth had adequate knowledge to make the representations made in her motion to amend her Property Settlement Agreement, she had adequate knowledge of the causal connection between Robert’s negligence and her injury or illness to file a complaint.
¶60 In ¶ 22 of the majority Opinion, the majority states in response to Justice Rice’s dissent that judicial estoppel does not apply here because Elizabeth’s current position is not inconsistent with what she averred on May 9,1995.1 totally agree that what she alleges in her complaint is not inconsistent with what she alleged in her motion to amend her Property Settlement Agreement. However, that is not a reason to reject judicial estoppel. It is the principal fact in support of judicial estoppel. What is inconsistent is Elizabeth’s averment made on May 9, 1995, and her allegation that she did not know about a causal connection between Robert’s negligence and her injuries or illness until sometime in 1996.
¶61 I would not apply judicial estoppel for other reasons. However, the majority’s observations in ¶ 22 of the majority Opinion completely support this dissent as well as the application of judicial estoppel.
¶62 For these reasons, I would conclude that based on the undisputed facts, Elizabeth knew of the causal connection between Robert’s negligence and her injuries more than three years prior to the time that she filed her complaint and that her complaint is, therefore, barred by the applicable statute of limitations. For that reason, I would affirm the District Court’s order granting summary judgment to the Defendant.